CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, AP-
PELLEE, v. KEITH NEVILLE, GOVERNOR, ET AL.:
GRANT L. SHUMWAY, COMMISSIONER OF PUBLIC LANDS AND
BUILDINGS, APPELLANT.

FILED DECEMBER 14, 1918.    No. 20609.

1. Public Lands: EDUCATIONAL LANDS: ENABLING ACT. "Lands
   granted to the state of Nebraska by the United States, by virtue
   of the provisions of section 11 of the 'Enabling Act,' were not
   placed in the class of educational lands by the provisions of
   sections 3 and 4 of article VIII of the Constitution of the state,
   adopted in 1875." *McMurtry v. Engelhardt*, 5 Neb. (Unof.) 271.

2. ———: SALINE LANDS: CONTROL. "The board of educational lands
   and funds has no jurisdiction or control over the disposal of the
   lands granted to the state by said section 11, commonly known
   as saline lands." *McMurtry v. Engelhardt*, 5 Neb. (Unof.) 271.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Dexter T. Barrett,* for appellant.

*Bryon Clark, Jesse L. Root, Strode & Beghtol* and
*J. W. Weingarten,* contra.

MORRISSEY, C. J.,

Action by plaintiff against the members of the board
of educational lands and funds, to quiet title under a
lease covering a tract of saline land. Plaintiff set out
its lease, and alleged that, for a long term of years, it
paid annually to the superintendant of the Nebraska
hospital for the insane the rental therein stipulated;
that in May, 1917, the commissioner of public lands
and buildings—a member of the board of educational
lands and funds—demanded that plaintiff pay the
rental through the county treasurer for the benefit of
the school funds of the state, and had notified plaintiff
that, unless such payments were so made, its lease

would be forfeited. All defendants, except the commissioner of public lands and buildings, by answer disclaimed any intention to disturb plaintiff in its holdings.

The court found that the land in controversy is not part of the school lands of the state of Nebraska, but that it is, and was at the time the lease was executed, set apart exclusively for the purposes of the hospital for the insane; that plaintiff is entitled to the peaceable and undisturbed possession thereof for the term of its lease; that defendants, other than the commissioner of public lands and buildings, have not threatened to disturb plaintiff, and it accordingly dismissed them from the case; that the commissioner of public lands and buildings "was acting without his authority as commissioner of public lands and buildings  *  *  * or as a member of the board of educational lands and funds," and an injunction was issued against him and his successors in office. From this order, the commissioner appeals.

Each party has raised a number of questions not going to the merits of the controversy, some of them, perhaps, possessing merit, were we dealing with questions of procedure. But the land involved is the property of the state, and the officers of the state ought to be advised as to their duty in the premises. We shall therefore disregard all other questions presented, and proceed to a determination of the main question, namely: Is the land under the control of the board of educational lands and funds, with the rental to be devoted to the school fund, or has the land been dedicated to the use of the hospital for the insane?

It is agreed that the land in controversy falls within the class designated "saline lands," and forms a part of a section selected as prescribed by section 11 of the enabling act of congress relative to Nebraska, passed April 19, 1864. This section reads as follows:

"And be it further enacted, that all salt springs within said state, not exceeding twelve in number, with six sections of land adjoining, or as contiguous as may be to each, shall be granted to said state for its use, the said land to be selected by the governor thereof, within one year after the admission of the state, and when so selected to be used or disposed of on such terms, conditions, and regulations as the legislature shall direct." 13 U. S. St. at Large, ch. 59, p. 47.

By act of the legislature, approved February 20, 1879, the land involved, together with other land, was set apart for the use and benefit of the hospital for the insane.

Appellant contends that this act is unconstitutional and void, as in conflict with section 3, art. VIII of the Constitution of Nebraska, which reads as follows: "The following are hereby declared to be perpetual funds for common school purposes of which the annual interest or income only can be appropriated, to wit:    *    *    *    Third. The proceeds of all lands that have been, or may hereafter be, granted to this state, where by the terms and conditions of such grant the same are not to be otherwise appropriated."

It is argued that, under this provision of the Constitution, the land became school or educational land, and that it was beyond the power of the legislature to dedicate it to any other purpose.

In *McMurtry v. Engelhardt,* 5 Neb. (Unof.) 271, the provision of the Constitution quoted was construed by this court, and it was expressly held:

"Lands granted to the state of Nebraska by the United States, by virtue of the provisions of section 11 of the 'Enabling Act,' were not placed in the class of educational lands by the provisions of sections 3 and 4 of article VIII of the Constitution of the state, adopted in 1875.

"The board of educational lands and funds has no jurisdiction or control over the disposal of the lands granted to the state by said section 11, commonly known as saline lands."

We are satisfied with the reasoning in that opinion and with the correctness of the rule therein announced. It follows that the judgment of the district court must be

AFFIRMED.

ALDRICH, J., not sitting.